IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | NOTICE OF JURISDICTIONAL CHALLENGE AND CLAIM |
| v. | FOR DISMISSAL FOR WANT OF JURISDICTION OF THE |
| Frederick George Kriemelmeyer, | PLAINTIFF OVER THE PRIVATE NATURAL PERSON |
| Private non-corporate man, Amicus Curie | by AFFIDAVIT OF DENIAL OF CORPORATE STATUS |
| | with NEGATIVE AVERMENTS (Exhibits 1 and 2) |
| Defendant in Error, | CASE NO. 19 CR 90 WMC |

COMES NOW, Frederick George Kriemelmeyer, Private Soul, Amicus Curie herein, and does hereby attest, claim, declare, state and in all ways assert, that I, Frederick George Kriemelmeyer, am a private, American national and NOT a CORPORATE UNITED STATES CITIZEN, CORPORATION and/or CORPORATE ARTIFICIAL PERSON, and am completely WITHOUT the STATUS of a CORPORATION and am completely WITHOUT any contractual obligation to the United States Corporation or any of its agencies.

I, Frederick George Kriemelmeyer, completely rebut/ deny/ rebuke/ and in all ways refuse any and all presumptions/ assumptions/ allegations/ inferences/ claims that I may be considered, in any way, a CORPORATION or possess any CORPORATE STATUS and thereby challenge the jurisdiction of the United States, a federal corporation, operating in commerce and posing as the UNITED STATES OF AMERICA in Case No. 19 CR 90 WMC.

1. Regarding Federal Rules of Civil Procedure, Sec. III, Motions and Pleadings, Rule 9(a) states in pertinent part: "When an issue is raised as to the legal existence of a named party's capacity to be sued, or the authority of a party to be sued, the party desiring to raise the issue shall do so by specific negative averment, which shall include supporting particulars."(Exhibits 1 [2 page ORDER in CIVIL ACTION No. 99-4778] and 2 [1page "ALL- PURPOSE PROOF OF SERVICE", 1 page "SITCOMM ARBITRATION ASSOCIATION" Certification, 21 page "FINAL ARBITRATION AWARD" with Contract No.:SAAFK-A81A-061919-MEM, and 5 page "SUMMARIZATION OF THIS ARBITRATOR'S FINAL AWARD"] herein).
2. Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof lies with the asserter. The court is only to rule on the sufficiency of the proof rendered. See McNutt v. GMAC. 298 US 178. The origins of this doctrine of law may be found in Maxfield's Lessee v. Levy 4 US 308. The United States Supreme Court and numerous federal courts have ruled that when jurisdiction is challenged, it must be proven, on the record, or the case must be dismissed. See Melo v. US. 505 F 2d, 1026 "Once jurisdiction has been challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction.".

If the code cited on this INDICTMENT is an act of congress, indicate where the Act and Enacting Clause may be found, as required by 61 Statutes at Large 633, 634 at 1:01.

Further Affiant saith naught.

_Frederick George Kriemelmeyer_ (signature)

Frederick George Kriemelmeyer, Non-corporate Affiant

Signed/Autographed before me this ___10___ day of ___July___, 2019

_Teresa M Fegyak_ (signature), Notary Public

My Commission Expires: __Jan 31, 2022__

County of: __Houston__

State of: __Minnesota__

TERESA M. FEGYAK
NOTARY PUBLIC MINNESOTA
My Comm. Expires Jan. 31, 2022