UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No. 19-CR-90-wmc (slc)

FREDERICK G. KRIEMELMEYER,

Defendant.

## [PROPOSED] ORDER AUTHORIZING DISCLOSURE OF GRAND JURY INFORMATION AND TAX RETURN INFORMATION, AND PROTECTIVE ORDER

Having considered the "Government's Unopposed Motion For Order Authorizing Disclosure Of Grand Jury Information and Tax Return Information, and Protective Order," and the record and file in this case, for good cause shown,

IT IS HEREBY ORDERED that plaintiff United States of America is authorized to disclose to defendant and his counsel (if any), copies of the grand jury testimony of witnesses who the government may call at trial and other documents which may be considered matters occurring before the grand jury (collectively, "Grand Jury Information"). This Order is being entered to facilitate the government's compliance with its discovery obligations, including the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500; Rule 16 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963); and *United States v. Giglio*, 405 U.S. 150 (1972).

IT IS FURTHER ORDERED that the United States of America is authorized to

disclose to the individuals whom the government determines that it may be calling as witnesses in its case-in-chief, and their counsel, the grand jury testimony of that individual and any accompanying exhibits. This order is being entered based on this Court's finding that such disclosure is reasonably necessary, in the interests of justice, and does not significantly compromise the imperative of grand jury secrecy.

IT IS FURTHER ORDERED that the any copies of the grand jury testimony and grand jury documents provided pursuant to this Order, and any reproductions or copies made of the produced copy, shall be returned to the government at the conclusion of the proceedings in this case as so requested by the government.

IT IS FURTHER ORDERED, pursuant to 26 U.S.C. § 6103(h)(4), and based on the unopposed motion of the government, that the government is authorized to disclose to the defendant, and his counsel (if any), tax returns, tax return information, and taxpayer return information as defined in 26 U.S.C. § 6103(b) (collectively, "Tax Information") pertaining to this prosecution or otherwise appropriately disclosed by the government pursuant to its discovery obligations.

## PROTECTIVE ORDER

The government represents to this Court that documents and information it intends to produce in discovery include non-public third-party Grand Jury Information and non-public third-party Tax Information described above, and other non-public third-party information, such as: (i) personal identifiers of non-parties (e.g. social security numbers, addresses, dates of birth); (ii) memoranda of interview of potential witnesses; (iii) financial information of individuals and businesses,

2

including bank records; and (iv) information about individuals who were involved in the defendant's business and financial affairs who have not been charged with any wrongdoing. Collectively, such non-public third-party information provided in discovery is the "Protected Material."

Accordingly,

IT IS FURTHER ORDERED THAT:

1.     The Protected Material produced by the government may be used by the defendant, the defendant's counsel (if any), and any employees or agents of defendant's counsel (if any) solely in the defense of this case.

2.     The defendant and defendant's counsel (if any) shall not disclose the Protected Material directly or indirectly, except (a) for purposes of proceedings before this Court, including hearings, court filings, and trial (and then in accordance with any applicable federal and local rules); and (b) to any person assisting the defense, persons who are interviewed as witnesses, and potential experts (collectively, "Authorized Persons") in the defense of this case.

3.     The Protected Material produced by the government shall not be copied or reproduced unless it is copied or reproduced for Authorized Persons to assist in the defense of this case, and in that event, the copies shall be treated in the same manner as the original material.

4.     When providing the Protected Material to an Authorized Person, the defendant and defendant's counsel (if any) must inform the Authorized Person that the Protected Material is provided subject to the terms of this Protective Order and that the

3

Authorized Person is independently bound by and must comply with the terms of this Protective Order.

IT IS FURTHER ORDERED THAT upon the final disposition of this case, including after disposition of any appeal or collateral review, the defendant, the defendant's counsel (if any), and any Authorized Persons shall destroy or return to the government all Protected Material as so requested by the government.

IT IS SO ORDERED.

DATED: ___JvU' 26___, 2019

_____

Hon. Stephen L. Crocker
United States Magistrate Judge

4