IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                           RELEASE ORDER

               Plaintiff,

   v.

                         19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

               Defendant.

_____

       Defendant Frederick G. Kriemelmeyer has been indicted for tax evasion.  At his July 23, 2019 arraignment, hewing to his philosophical/political antipathy toward the government in general and this court in particular, Kriemelmeyer refused to cooperate in any fashion with the proceedings.  This included his refusal to sign an order releasing him on conditions.  The court released him anyway, after he chose the option of returning home–which the court deemed an acceptance of its standard release conditions–rather than surrender to the marshals service for self-imposed pretrial detention while this case is pending.

       Against this backdrop and for reasons stated more fully at the arraignment, it is ORDERED that defendant Frederick Kriemelmeyer shall be released during the pendency of this case upon defendant's implicit promise to obey the following conditions of release:

1. Defendant shall not commit any offense in violation of federal, state or local law while on release.

2. Defendant shall appear at all proceedings as required and shall surrender at the time and place directed by further court order for service of any sentence subsequently imposed in this case.

3. Defendant shall report to the U.S. Marshals Service upon order of this court.

4. Defendant shall cooperate in the collection of a DNA sample as required by 18 U.S.C. § 3142(b).

5. Defendant shall hereafter meet with Pretrial Services at the times and places directed and shall obey all directions and instructions of Pretrial Services.

6. Defendant shall next appear at Courtroom 460 in this court on November 15, 2019 at 1:30 p.m. for a pretrial motion hearing.

7. Defendant shall not engage in any undercover or informant activity on behalf of any government agency, except for a debriefing, without prior written approval of a district judge of this court.

8. If defendant is charged with a felony, then defendant shall not ship, transport or receive any firearm or ammunition.  Note that this is not a prohibition against the continued possession of firearms, which is addressed in condition number 15, below.

9.      This court has a zero-tolerance policy for drug use by criminal defendants released on conditions.  Violation of any condition of release or of any other direction or instruction given by Pretrial Services relating to drugs or drug use shall result in return to court for a hearing on the modification or revocation of conditions of release.  To ensure the fair enforcement of this policy, every criminal defendant released on conditions shall be subjected to at least one random test for drug use.

*Note Well*: If defendant has a drug or alcohol use problem, it is defendant's obligation to advise Pretrial Services *now* so that appropriate conditions can be considered and fashioned to address the problem.

10.     Defendant shall surrender defendant's passport to the clerk of this court.  If the defendant is acquitted or the charges are dismissed, then the clerk shall return the passport to the defendant.  If the defendant is convicted, then the clerk shall send the passport and a copy of the judgment and conviction order to the U.S. State Department.  Defendant shall not apply for a replacement passport while on pretrial release or while serving any sentence if convicted.

11.     Defendant shall report in advance to Pretrial Services all changes in employment, residence, and telephone.

12.     If defendant has any contact with any representative of any law enforcement agency regarding any criminal or traffic matter, then defendant shall report this contact to Pretrial Services within 24 hours of the contact.

### Notice of Penalties and Sanctions

The defendant's violation of any of the conditions of release imposed in this order may result in the immediate issuance of a warrant for the defendant's arrest, the revocation of release, and an order of detention.  It could also result in a separate prosecution for contempt under 18 U.S.C. § 401, which is punishable by a term of imprisonment and a fine.  *See* 18 U.S.C. § 3148.

If the defendant commits a crime while released pursuant to this order and is later convicted of that new crime, then the defendant can also be prosecuted in federal court for having committed a crime while released, which is a violation of 18 U.S.C. § 3147.  If the new offense is a felony, the defendant would face up to ten years in prison.  If the new offense is a misdemeanor, the defendant would face up to one year in prison.  Any sentence imposed for such a violation would be consecutive to any other sentence imposed upon the defendant.

It is a crime for the defendant knowingly to fail to appear as required by these conditions of release, or to fail to appear for the service of sentence pursuant to a court order.  If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

1.      An offense punishable by death, life imprisonment, or imprisonment

for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years or both;

2.  An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

3.  Any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

4.  A misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to a sentence of imprisonment for any other offense. *See* 18 U.S.C. § 3146.

It is a federal crime to intimidate, to influence, or to injure jurors or officers of the court or to attempt to do so. *See* 18 U.S.C. § 1503.

It is a federal crime to obstruct criminal investigations by bribery, or by disclosing the existence or content of subpoenas to financial institutions or the insurance industry. *See* 18 U.S.C. § 1510.

It is a federal crime to intimidate, to harass, to influence, or to injure witnesses, potential witnesses, victims or informants, or to threaten or attempt to do so. *See* 18 U.S.C. § 1512.

It is a federal crime to retaliate against a witness, victim or informant, or to threaten or attempt to do so. *See* 18 U.S.C. § 1513.


BY THE COURT:

8/30/2019
/s/                                              *Nunc pro tunc* 7/23/2019

_____          _____
STEPHEN L. CROCKER                    Date
Magistrate Judge

3