IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                        Plaintiff,                               ORDER

   v.

                                                                  19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

                        Defendant.
_____

On July 23, 2019, defendant Frederick G. Kriemelmeyer appeared in court to be arraigned, but otherwise refused to cooperate in any fashion with the proceedings, essentially asserting a Fifth Amendment privilege whenever he was addressed in any fashion. Although Dr. Kriemelmeyer proclaimed that he was representing himself, he refused to engage in a *Faretta* colloquy, so the court appointed AFD Joseph Bugni to represent him over Dr. Kriemelmeyer's objection. The court excused Dr. Kriemelmeyer from being booked because it had his information on file in his previous tax evasion prosecution, Case No. 07-cr-52.

Thereafter, this Court's Pretrial Services Office reported that did not have a home address or a telephone number for Dr. Kriemelmeyer and Kriemelmeyer had point-blank refused to provide it. On July 30, 2019, the court ordered Dr. Kriemelmeyer to provide this information by August 2, 2019 or he would be arrested and subjected to a revocation hearing. *See* dkt. 17. Dr. Kriemelmeyer provided this information, which confirmed Pretrial Services' belief that Dr. Kriemelmeyer was living in Minnesota. This led to courtesy supervision by that district's federal PTS office, which led *this* district's PTS office to report that there was no copy of the pretrial conference order to provide to Minnesota because Dr. Kriemelmeyer had taken the signed copy with him after the arraignment.

So, on August 30, 2019, this court filed its pretrial release order for Dr. Kriemelmeyer, *nunc pro tunc* July 23, 2019. This order stated:

> Defendant Frederick G. Kriemelmeyer has been indicted for tax evasion. At his July 23, 2019 arraignment, hewing to his philosophical/political antipathy toward the government in general and this court in particular, Kriemelmeyer refused to cooperate in any fashion with the proceedings. This included his refusal to sign

an order releasing him on conditions. The court released him anyway, after he chose the option of returning home–which the court deemed an acceptance of its standard release conditions–rather than surrender to the marshals service for self-imposed pretrial detention while this case is pending.

Against this backdrop and for reasons stated more fully at the arraignment, it is ORDERED that defendant Frederick Kriemelmeyer shall be released during the pendency of this case upon defendant's implicit promise to obey the following conditions of release:

\* \* \*

Dkt. 22 at 1.

Today, this court received from Dr. Kriemelmeyer a copy of this pretrial release order on which he had handwritten:

> Received 09/09/2019
>
> Refusal for cause of fraudulent RELEASE ORDER and want of jurisdiction, without dishonor and without recourse to me, nunc pro tunc!
>
> [*signed*] Frederick George Kriemelmeyer 09/09/2019.

Dkt. 24 at 1.

It is clear that the court gave Dr. Kriemelmeyer way too much credit for being willing to submit to even nominal pretrial supervision. But even with the benefit of hindsight, this was the appropriate approach to take at Dr. Kriemelmeyer's arraignment. This is not a detention case. This court has done everything it can to allow Dr. Kriemelmeyer to remain in the community while his case is pending. But every step of the way, Dr. Kriemelmeyer has flaunted his intent to defy this court and Pretrial Services. Today, Dr. Kriemelmeyer crossed the line by declaring his release order fraudulent and announcing his refusal to comply with it. After receiving Dr. Kriemelmeyer's renunciation, Pretrial Services passed along an oral report from Minnesota's

2

PTS Office that Dr. Kriemelmeyer has refused to allow a home visit and has refused to provide a UA sample. I have asked for a written supplemental PTS report to be filed with the court to complete the record.

Right now, the evidence points toward Dr. Kriemelmeyer's violation of 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B), which augurs revocation and detention, but I am prepared to continue Dr. Kriemelmeyer on pretrial release if he is willing to submit and does submit to supervision by Minnesota's PTS Office. The court will hold a revocation hearing pursuant to § 3148(b) on September 26 at 2:00 p.m.[1] At the hearing this court's PTS Office must provide an updated report on Dr. Kriemelmeyer's compliance with his conditions of pretrial release, and both sides will be given the opportunity for input.

Dr. Kriemelmeyer must attend this hearing in person. If he does not, then I will have him arrested.

## ORDER

It is ORDERED that the court will hold a revocation hearing pursuant to § 3148(b) on September 26 at 2:00 p.m. Dr. Kriemelmeyer must attend in person.

Entered this 11th day of September, 2019.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge

---

[1] The court does not view the statute as requiring a motion from the government, but if the government interprets it otherwise, it may file a motion if it wishes.