# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260-9900
Facsimile 608-260-9901

September 23, 2019

Honorable Stephen L. Crocker
United States Magistrate Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Frederick Kriemelmeyer*
               Case No. 19-cr-90-wmc

Dear Judge Crocker:

      In anticipation of Thursday's hearing and to clarify certain points, possibly alleviating the need for this hearing, the defense submits this letter.

      First, Dr. Kriemelmeyer would like it known that he does not agree that I represent him; I am simply acting as his constitutionally ensured "assistance of counsel."

      Second, there has been two misunderstandings that should be clarified. The first is that Dr. Kriemelmeyer's handwritten notes on the Court's order (R.24) was not meant as a sign of disobedience to the Court's order or a sign that he will not comply. He has every intention to do so. It was merely the sign that he does not submit to this Court's jurisdiction and he's preserving all of his rights and arguments in challenging it. Indeed, it's worth pointing out that the government has not responded to any of his documents challenging jurisdiction in this case. So to be very clear: Dr. Kriemelmeyer will abide by the Court's orders because he's a compliant person, but his compliance is not to be interpreted as him waiving his jurisdictional arguments.

Federal Defender Services
   Of Wisconsin, Inc.

Honorable Stephen L. Crocker
September 23, 2019
Page -2-

    That leads to the second point that needs clarifying: Dr. Kriemelmeyer did not refuse to a UA; he was not asked to give one at that meeting. He will, in fact, submit to one at Court or at any time. And as far as what happened in Minnesota with the probation officer, when he was told that it was voluntary whether he would allow the probation officer to look around his apartment, he declined. That is, he didn't refuse to comply with the Court's orders; he simply refused to allow the probation officer to go beyond those conditions and do what this Court didn't order: a search condition. It's worth noting that nothing in the conditions of release provided for a search condition or that the probation office have to look around. See R.22. It's true that a walk-through is almost an implied condition and experience teaches that most on pretrial release will let Mr. Plender do whatever he asks, Dr. Kriemelmeyer took a more jealous view of his privacy. That behavior should, however, not be interpreted as an affront to the Court's conditions.

    Third, with those points understood, I would respectfully request that the hearing be removed from the calendar. The Court can expect compliance from Dr. Kriemelmeyer, though he will not submit to or waive his jurisdictional arguments. And a lawyer should not have to fly from D.C. (for the government) or this Court take time from other pressing matters to make sure of that. Instead, the court could direct that Dr. Kriemelmeyer meet with the probation office and give a UA and judge his compliance from there. And in the future, his "assistance of counsel" promises to be quicker to get to the bottom of whatever filings come through and could be interpreted as an affront to the Court's authority.

    Thank you for your attention to this matter.

                            Sincerely,

                            */s/ Joseph A. Bugni*

                            Joseph A. Bugni
                            Associate Federal Defender