IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

v.

FREDERICK KRIEMELMEYER,

                              Defendant.

PRETRIAL MOTION
HEARING ORDER

19-cr-90-wmc
_____

On November 22, 2019, the court held a telephonic pretrial motion hearing. Defendant Frederick Kriemelmeyer did not participate personally but was represented by his appointed attorney, AFD Joseph Bugni. The government was represented by AUSA Elizabeth Altman and DOJ Trial Attorney Eric Schmale.

Prior to the hearing AFD Bugni filed no pretrial motions that *he* had prepared. AFD Bugni reported that this was a tactical decision he had made in consultation with Dr. Kriemelmeyer after reviewing the government's discovery and investigating this case. AFD Bugni noted that, with the court's permission, he previously had submitted documents written by Dr. Kriemelmeyer that require some sort of court response. *See* dkts. 4, 9-13, 19-21 and 23.[1] Now that the motions deadline has passed, the court will respond to these previously-filed documents. Pursuant to 18 U.S.C. § 3161(h)(1)(H), time continues to be excluded from computation on the speedy trial clock until December 12, 2019 (30 days past the motions deadline).

At AFD Bugni's request, the court clarified his role at trial: he must be prepared to try this case as Dr. Kriemelmeyer's attorney. If Dr. Kriemelmeyer makes any last-minute attempt to change the status of his representation, then AFD Bugni must be prepared to continue as

---

[1] Documents submitted directly to the court by Dr. Kriemelmeyer or others acting at his behest that are not accompanied by a cover letter from AFD Bugni are not properly before the court and will not be considered.

stand-by counsel, and possibly to resume full representation during trial, depending on what happens.

This segues to my finding that all time from Dr. Kriemelmeyer's July 23, 2019 arraignment to the February 24, 2020 trial date must be excluded from computation on the speedy trial clock pursuant to § 3161(h)(7)(A). As Dr. Kriemelmeyer's conduct and submissions amply demonstrate, he strongly holds non-mainstream views that impede his efficient interaction with his attorney, pretrial services, and this court. Normal procedures and outcomes cannot be taken for granted by anyone involved in this prosecution. Extra time must be allotted at every stage to account for the scheduling friction generated Dr. Kriemelmeyer's idiosyncracies. The ends of justice served by proceeding in this manner outweigh the best interests of the public and Dr. Kriemelmeyer in a speedier trial.

Entered this 22nd day of November, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge