UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                                                                       Case No. 19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

        *Defendant.*

---

## OMNIBUS SUBMISSION

Fredrick Kriemelmeyer, by his assistance of counsel, files this omnibus pretrial submission. There are not any motions in limine, so this will be brief. The first part addresses the voire dire; the second the jury instructions. Also, in filing this, I am simply acting as Dr. Kriemelmeyer's constitutionally assured "assistance of counsel." Finally, by filing this Dr. Kriemelmeyer does not waive any of his previously made jurisdictional arguments.

**1. Voire dire. 47–1**

Page 1. The statement of the case should be 2011–2019. And the defense asks that he be referred to as Dr. Kriemelmeyer, the jury shouldn't think that he is also guilty of practicing medicine when he's not a doctor.

Page 2. As a proposed question, the defense would ask that the Court include this: Do any of you have views about those, who believe that they don't have to pay taxes. This should flag anyone who would be prejudiced against the defense.

### 2. Post-trial Jury Instructions. 47–3

Page 2, there is a typo in the sentence, "you may not us this evidence top . . . "

Page 3, I am not sure if the government will use its experts in a dual capacity, if so the defense requests the instruction given in *United States v. Jett.*

Page 5, paragraph (f) should be cut since it has been struck from the Indictment.

Page 10 and 11, the court has taken the pattern for element 3 and moved the second half of the sentence to later on in the instructions. I don't think that changes anything. So the defense is fine to keep the pattern or this version. Our only request is that the last sentence ("The mere failure to file . . . .") should be set off with a coordinating conjunction like but or however. That will add clarity to the instruction and keep the clauses from bleeding together. So it would read: "However, the mere failure to file . . ."

Page 11. The second paragraph reads: "The government does not need to prove that defendant performed all of these affirmative acts, but it must prove that the he performed at least one of them." Consistent with the other instructions and purpose of the law, the defense requests that at the end of the sentence the Court add this language, so it will read: "performed at least one of them *to evade income tax*."

Page 11. Same paragraph. With the unanimity instruction sentence ("it is not sufficient . . . ."), the defense requests that for clarity's sake the Court provide an example after each clause. So it could read: It is not sufficient for some of you to find that the defendant performed one affirmative act (for instance requiring his dental patients to pay

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

for services in a manner to avoid creating paper and tax records), and the rest of you to find that he performed a different affirmative act (for instance, paying his business and personal expenses in a manner to avoid creating paper and tax records). Rather, all twelve of you must agree on at least one affirmative act that the defendant performed before you may find that the government has established this element in the count that you are considering. With all the cross references in the instructions and allusions, this could be helpful for the jury.

      Dated at Madison, Wisconsin, this 10th day of February, 2020.

                        Respectfully submitted,

                        Fredrick Kriemelmeyer, Defendant

                        */s/Joseph A. Bugni*
                        Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Joseph_bugni@fd.org