IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No.: 19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

    Defendant.

---

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

---

The United States of America, by Scott C. Blader, United States Attorney for the Western District of Wisconsin, by Assistant United States Attorney Elizabeth Altman, and Trial Attorney Eric Schmale, respectfully requests that the Court make the following substitutions and additions to the instructions in its charge to the jury.[1]

Consideration of the Evidence

The government suggests the last sentence of paragraph two on page two read: "Keep in mind that the defendant is only on trial here for attempting to evade taxes for the years charged in the indictment."

On the bottom of page two, there is an instruction regarding the proper use of prior convictions. The government has moved to admit evidence relating to the defendant's prior criminal conduct for other purposes. Depending on what the district

---

[1] The government anticipates that many of the proposed jury instructions will be unnecessary and can be deleted during the jury instruction conference.

court allows and how the evidence comes in, there may be other uses ways that evidence can be used, such as proving the elements of Count 1 and the defendant's willfulness. Accordingly, this instruction will likely need to be amended at the charging conference.

The Indictment

The government requests paragraph (f) on page five of the Court's proposed jury instructions be stricken, pursuant to the government's motion to strike granted by the Court on January 17, 2020. R. 45.

On pages 10-12, the Court has proposed using the same instruction for all four counts of the indictment. While all counts allege tax evasion in violation of 26 U.S.C. § 7201, Count 1 charges the defendant under an evasion of payment theory, and counts 2-4 charge the defendant under an evasion of assessment theory. Because of this difference, the government proposes that Count 1 and Counts 2 through 4 receive separate instructions as follows:

**ELEMENTS OF COUNT 1: ATTEMPT TO EVADE OR DEFEAT PAYMENT OF INCOME TAX**

To sustain the charge against the defendant in Count 1, the government must prove these elements:

(1) The defendant owed income tax for the calendar years 2000-2004;

[Elements 2 through 4 as proposed in the Court's instruction]

**ELEMENTS OF COUNTS 2 THROUGH 4: ATTEMPT TO EVADE OR DEFEAT INCOME TAX**

To sustain any of the charges against the defendant in Counts 2 through 4, the government must prove these elements:

(1) On the date for filing a federal income tax return, federal income tax was due and owing by the defendant. If the defendant owed tax for a particular year, then the tax was due and owing as of April 15 of the following year;

(2) [As proposed by the Court];

(3) The defendant did some affirmative act to evade the tax;

(4) [As proposed by the Court];

*See* Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.)(plus 2015-2017 and 2018 changes), 26 U.S.C § 7201.

On the paragraph extending between pages 10-11, the government proposes eliminating the first sentence, and changing the second sentence to also include Count 1. Similarly, the government proposes expanding the first full paragraph on page 11 to include Count 1.

On page 11, the government does not believe that the unanimity instruction is necessary, notwithstanding its appearance in the Seventh Circuit Model Instructions. *See United States v. Griggs*, 569 F.3d 341, 343 (7th Cir. 2009) (holding that the court was neither required nor permitted to instruct the jury to agree unanimously on an overt act to convict of conspiracy).

Government's Proposed Additional Instruction #1:

"For Counts 1 through 4, the proof need not show the precise amount of the additional tax owed or that he attempted to evade or defeat payment of all the taxes for the time period. The government need only prove that the defendant owed some tax from the time period and that he attempted to willfully evade or defeat all or part of it."

*See* Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.) (plus 2015-2017 and 2018 changes), 26 U.S.C § 7201; *United States, v. Connor*, 2010 WL 4022891 (D. Del. July 28, 2010) (jury instructions of the district court); *United States v. Josephberg*, 04-cr-1002 (S.D.N.Y. Apr. 18, 2007) Tr. at 2319 (attached); *United States v. Trupin*, 97-cr-00097 (S.D.N.Y. Aug. 16, 1999) Tr. at 5715-16 (attached).

Government's Proposed Additional Instruction #2:

"Sole or exclusive intent to evade taxes is not required for the defendant to be convicted of tax evasion. If the tax evasion motive plays any part in the affirmative willful conduct, then you may find that the defendant acted willfully in committing the crime charged, even though the conduct may also serve other purposes."

*Spies v. United States*, 317 U.S. 492, 499 (1943) ("If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also service other purposes such as concealment of other crime."); *United States v. Eaken*, 17 F.3d 203,

4

207 (7th Cir.1994) (defendant also had motive of concealing embezzlement); *United States v. Zanghi*, 189 F.3d 71, 78-79 (1st Cir. 1999).

Government's Proposed Additional Instruction #3:

"In order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant knew federal tax laws imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good-faith misunderstanding as to the requirements of the tax laws does not act willfully even if his understanding of the tax laws is wrong or unreasonable. Nevertheless, merely disagreeing with the tax laws does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with them. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good-faith belief that he was complying with the tax laws."

*See* Manual of Model Criminal Jury Instructions of the Ninth Circuit (2010 ed.)(Last Updated 12/2019), 26 U.S.C § 7201; *Cheek v. United States*, 498 U.S. 192, 201-202 (1991).

Dated 10th day of February 2020.

                                Respectfully submitted,

                                SCOTT C. BLADER
                                United States Attorney

                                By:      /s/
                                _____

                                ELIZABETH ALTMAN
                                Assistant U.S. Attorney

                                By:      /s/
                                _____

                                ERIC SCHMALE
                                Trial Attorney