IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FREDERICK KRIEMELMEYER,

                Defendant.

OPINION & ORDER

19-cr-90-wmc

---

Over the course of this prosecution, defendant Frederick Kriemelmeyer has filed various documents with the court. Many of the arguments in these documents are derived from a hodgepodge of "sovereign citizen" theories that, to the extent comprehensible, are meritless.[1] The court will briefly address defendant's requests in this opinion.

First, defendant suggests that this court does not hold jurisdiction over him due to his status as a "citizen" and not a corporation. Relatedly, he also suggests that a supposed arbitration agreement between himself, the U.S. Department of Justice, a FBI Special Agent, a local Assistant U.S. Attorney and two Judges of this court somehow limits the court's jurisdiction over this criminal matter. (*See, e.g.*, dkts. #4, 19, 21, 23, 43.) The Seventh Circuit, however, has repeatedly dismissed similar claims as frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed statute of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United*

---

[1] Although acknowledging that such submissions are unorthodox, Magistrate Judge Crocker agreed to accept these additional arguments and filings written by the defendant provided they were accompanied by a cover letter from his counsel, Assistant Federal Defender Joseph Bugni. (*See* dtk. #40 at 1 n.1.)

*States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (noting that the tax protestor movement, in which a defendant asserts that he is not a citizen of the United States and thus not subject to federal laws, is completely without merit and patently frivolous). As such, the court will summarily reject all jurisdictional arguments made by defendant as wholly frivolous, including any suggestion that a private agreement could usurp the court's authority to enforce federal criminal statutes.

Second, defendant submitted a "verified application for permission to proceed in forma pauperis." (Dkt. #10.) As a criminal defendant, he has no court fees that need to be waived. To the extent that defendant is requesting assistance of counsel free of charge, the court confirms that right to the extent he cannot afford one. Relatedly, defendant has submitted a variety of documents regarding his representation by AFD Joseph Bugni (*see* dkts. #20, 46), including a "claim for assistance of unfettered counsel" (dkt. #12). As to the latter, the court again confirms defendant's Sixth Amendment right to counsel.

Finally, defendant's request to establish a "glossary page" assigning specific, unique definitions to certain terms for purposes of this case only (dkt. #13) will be denied. The court directs defendant to the glossary of legal terms published by the U.S. government, available at https://www.uscourts.gov/glossary. To the extent that defendant has specific questions regarding terms used in the course of this proceeding, he is free to request clarification from this court through his counsel, including providing appropriate guidance to the jury consistent with the law they must apply.

ORDER

IT IS ORDERED that:

1) Defendant's challenges to this court's jurisdiction (*see, e.g.*, dkts. #4, 19, 21, 23, 43) are DENIED.

2) Defendant's Sixth Amendment right to court-appointed counsel, free of charge, is CONFIRMED. (*See* dkts. #10, 12, 20, 46.)

3) Defendant's request to establish a "glossary page" of defined terms (dkt. #13) is DENIED.

Entered this 14th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge