IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FREDERICK KRIEMELMEYER,

                Defendant.

OPINION AND ORDER

19-cr-90-wmc

---

This case is set for an approximately three-day trial beginning on February 24, 2020. On February 13, 2020, Magistrate Judge Crocker held a final pretrial conference with the parties, and the court held a final hearing on February 18, 2020. This order summarizes the court's findings at that hearing and circulates the final versions of the voir dire, proposed jury instructions and verdict form, as well as addresses the government's notices of intent to offer evidence and motions in limine.

**I. Issues Related to the *Cheek* Defense**

After the Final Hearing, the parties submitted supplemental briefing clarifying their positions and providing supporting legal authority on the application of the good faith defense recognized by the United States Supreme Court in *United States v. Cheek*, 498 U.S. 192 (1991). (Dkts. #65, 66.) As an initial matter, both parties agree that the defendant should be permitted to testify as to his personal beliefs about the tax code, even if those beliefs are objectively unreasonable. Both parties also agree that the defendant should be permitted to testify and present evidence as to the bases for his beliefs. (*See* Pl.'s Supp. Br. (dkt. #66) 5 ("To the extent that the defendant argues that he has a right to testify about

his beliefs and the bases for them, the government largely agrees.").) The government, however, maintains that the defendant cannot offer legal opinions, quote legal precedent, or present other materials that erroneously instructs the jury on the law. (*Id.* at 5-6.)

The government's position is both sensible and supported by law. In the *Cheek* decision itself, the Supreme Court distinguished between a good-faith misunderstanding and a good-faith disagreement with tax laws:

> Claims that some of the provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable. . . . We thus hold that in a case like this, a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper.

498 U.S. at 205-06; *see also United States v. Benson*, 561 F.3d 718, 723 (7th Cir. 2009) ("*Cheek* only supports a defense that the defendant misunderstood the requirements of the tax code, not that he believed those requirements to be unconstitutional."); *United States v. Dunkel*, 927 F.2d 955, 955-56 (7th Cir. 1991) ("[D]istrict judges may rebuff defenses based on erroneous constitutional beliefs . . . but that defendants may argue that their mistaken interpretations of the tax laws.").

Still, in *Cheek* the Supreme Court noted that the defendant was permitted to testify (1) to having attended seminars by "a group that believes, among other things, that the federal tax system is unconstitutional," and (2) to receiving a letter from an attorney "stating that the Sixteenth Amendment did not authorize a tax on wages and salaries but only on gain or profit." *Cheek*, 498 U.S. at 195-96. This testimony arguably evinces *both*

2

the defendant's good faith misunderstanding *and* his disagreement with the tax laws. In *United States v. Gaumer*, 972 F.2d 723 (6th Cir. 1992), the Sixth Circuit was faced with similar testimony, finding that the district court had erred in excluding evidence that the defendant argued was relevant to his good-faith defense, but that the government argued must be excluded as going to the validity of the tax laws themselves. *Id.* at 723-24.[1] Citing to a dissent from the Tenth Circuit, that court held that:

> if a defendant knew of data "in the Constitution, statutes, legislative history, or the like" allegedly supporting a professed view that he was not required to file a tax return, the material would be admissible to negate willfulness as long as there was a "nexus" between the material and the defendant's stated views.

*United States v. Gaumer*, 972 F.2d 723, 724 (6th Cir. 1992) (quoting *United States v. Willie*, 941 F.2d 1384, 1402 (10th Cir. 1991) (Ebel, J., dissenting).

The court finds this reasoning persuasive. Accordingly, the defendant will be permitted to submit testimony or evidence that has a nexus to his good faith understanding of the tax laws, even if such evidence otherwise raises questions about the validity of the law, but any evidence or argument about the validity of tax laws that does not relate to the defendant's own belief regarding his obligations under the law must and will be excluded.

---

[1] The specific issue in the case was whether the district court had erred in omitting the defendant's proffer of a book that "purports to tell the reader '[w]hy you are not legally required to file tax returns'" and photocopies of old cases and law. *Id.* at 725. The court did find error, but clarified that:

> This does not mean that the trial court was required to permit the physical introduction of exhibits comprising hundreds of pages. At a minimum, however, defendant Gaumer should have been allowed to read relevant excerpts to the jury. And if the physical exhibits were to be kept out, the defendant should have been so advised before it was too late for him to introduce excerpts orally.

*Id.*

3

As to the government's proposed addition to the pattern jury instruction 6.11, the court agrees that such an instruction is appropriate and, indeed, may be crucial to avoid jury confusion. Moreover, defendant does not argue that the addition misrepresents the law or is confusing to the jury; instead, he simply maintains that the pattern instruction is accurate and consistent with *Cheek*. (Def.'s Supp. Br. (dkt. #65) 10.) For its part, the government points out that parallel language was explicitly approved by the Seventh Circuit in *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994), an analogous tax evasion case. In *Hauert*, the district court provided the following instruction to the jury:

> If the defendant, in good faith, believed that tax laws did not require that he file individual tax returns for a particular year, then any failure to file any income tax return for that year cannot be found to be willful, even if such belief was incorrect. Similarly, if the defendant in good faith believed that under the law he did not have any income tax obligation for a particular year, then any failure to pay income taxes for that year cannot be found to be willful, even if such belief was incorrect.
> However, a disagreement with the tax laws or a personal belief that the tax laws are unconstitutional, no matter how earnestly believed, will not negate willfulness. It is the duty of all citizens to obey the law whether they agree with it or not.

*Id.* at 202. The Seventh Circuit approved this instruction, concluding that "[t]he jury was adequately instructed about defendant's good faith belief defense." *Id.* at 203. The government also points to a variety of other cases that have offered similar instructions. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1343 (7th Cir. 1993); *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993); *United States v. Kriemelmeyer*, 07-cv-52-bbc-1 (W.D. Wis. Aug. 15, 2007); *United States v. Bodley*, 13-cr-52-bbc (W.D. Wis. Feb. 6, 2015).

Whether this additional language is unnecessary, as defendant suggests, portions of the defendant's argument, testimony or other evidence will likely also have the collateral effect of raising questions about the validity of the tax code. Accordingly, it is entirely appropriate to instruct the jury that such questions are separate from the defendant's good faith defense.

**II. The Government's Intent to Offer Evidence**

The government provided notice of its intent to submit several types of evidence. Per discussion with the parties:

- The government may offer into evidence the Rule 902(1) and 902(11) records referenced in docket #54. The defense offered no objection to this evidence, and submitted a letter that confirmed neither defense counsel nor the defendant object to this evidence. (Dkt. #59.)

- The government may offer Rule 1006 summaries of voluminous evidence. (*See* dkt. #55.) Subject to the final summaries accurately representing the underlying documents, neither defense counsel nor the defendant objected to this evidence. (Dkt. #59.)

- The government may elicit testimony from witnesses regarding the defendant's preferred method of payment and any reasons for the preference under Rule 801(d)(2)(A) and (C)-(D). (Dkt. #57.) Defendant did not object to the proposed introduction of this evidence at the final hearing.

The government additionally provided notice of its intent to introduce evidence of the defendant's prior felony conviction. (Dkt. #57.) The government proposed two means of presenting this evidence -- either by stipulation or by judicial notice. At the final hearing, defense counsel indicated that he would confer with the defendant as to this stipulation; as of this date, however, the defendant has not agreed to the stipulation. Accordingly, the court will take judicial notice of the defendant's prior conviction. Specifically, as requested

5

by the government, the court will provide the following description to the jury, with the instruction that they may or may not accept the noticed facts as conclusive:

> On November 19, 2007, the defendant was convicted for filing false individual income tax returns for tax years 2000, 2002, 2003, and 2004, and ordered by this court to pay $135,337 in restitution to the IRS, corresponding to his unpaid individual income taxes for calendar years 2000 ($18,477), 2002 ($28,700), 2003 ($40,616), and 2004 ($47,544).

These facts are the proper subject of judicial notice as they are (1) not subject to reasonable dispute and can be accurately and (2) readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

### III. Motions in Limine

The government's first four motions in limine (dkts. #48, 49, 50, 52) were unopposed and will be granted. Additionally, in the event that the defendant does dispute the role of his counsel in front of the jury in violation of the court's order, the court agrees to strike any such comments and provide a curative instruction along the lines of the government's proposed instruction included in dkt. #48. Defendant expressed no objection to the proposed curative instruction at the final hearing.

Defendant did oppose the government's fifth motion in limine. (*See* dkt. #53.) The court's ruling on that motion is addressed above.

### IV. Voir Dire

At the final hearing, defendant requested a change to the court's proposed statement of the case, which read: "The defendant has entered a plea of not guilty to the charges

against him." Both parties agreed to the following language: "A plea of not guilty to the charges against him has been entered on behalf of the defendant." The change has been incorporated into the final version. Additionally, the change was made to the same language in the closing instructions.

Prior to the conference with Judge Crocker, defendant also proposed one additional question (dkt. #51) and the government proposed to slightly alter it to be consistent with the phrasing of other voir dire questions (dkt. #62). The court has modified and adopted those changes, along with some of its own, as reflected in the final draft voir dire accompanying this order. The court made other minor edits to the questions to which neither party objected at the final hearing, which have now also been incorporated in the final draft.

V. **Introductory Instructions**

Neither party proposed any changes to the introductory instructions. The court moved the instruction on direct and circumstantial evidence to the closing instruction and amplified the cautionary instruction against conducting online research, both of which are reflected in the final version that is also attached.

Additionally, after the final hearing, the court added a revised version of the government's proposed judicial notice regarding the defendant's prior felony conviction. In accord with Rule 201(f), the court has instructed the jury that it may accept the facts as proved, but is not required to do so. Fed. R. Evid. 201(f) ("In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive."). The court further added a cautionary instruction regarding the appropriate use of this evidence.

7

## VI. Closing Instructions

The parties each requested a number of changes to the instructions, which the court considered. Many of the changes were made as reflected in the latest draft accompanying this order. In addition to those changes, the court made various edits to improve clarity that are also contained in that draft

ORDER

IT IS ORDERED that:

1) The government's first, second, third, and fourth motions in limine (dkts. #48, 49, 50, 52) are GRANTED.

2) The government's fifth motion in limine (dkt. #53) is GRANTED IN PART AND DENIED IN PART as set forth above.

Entered this 21st day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge