IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                            Plaintiff,                   JURY INSTRUCTIONS

v.

                                                                         19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

                            Defendant.
_____

## II. <u>POST TRIAL JURY INSTRUCTIONS</u>

Members of the jury, you have seen and heard all the evidence. Before arguments of the attorneys, I will instruct you on the law. Afterwards, I will give you brief instructions on conducting your deliberations and then the case will be in your hands.

**CONSIDERATION OF THE EVIDENCE**

All of the introductory instructions that I gave you at the beginning of this trial are still in effect. I will give you copies of those instructions to take back to the jury room with you.

You have received evidence of a statement said to be made by the defendant to _____. You must decide whether the defendant did make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you believe the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself, and the circumstances under which the statement was made.

In deciding the believability of witnesses, you should judge defendant's testimony in the same way as you judge the testimony of any other witness.

As I told you at the outset, the defendant has an absolute right not to testify or present evidence. In arriving at your verdict, you must not consider the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

You have heard evidence that the defendant committed acts other than the ones charged in the indictment. Specifically, _____. Before using this evidence, you must decide whether it is more likely than not that the defendant did the acts that are not charged in the indictment. If you decide that he did, then you may consider this evidence to held you decide _____. You may not consider this evidence for any other purpose. Keep in mind that the defendant is only on trial here for attempting to evade taxes for the years charged in the indictment, not for these other acts.

You may not use this evidence to infer that the accused has a certain character trait and that the accused acted in conformity with that trait with respect to the offenses charged in this case. The issue is not whether the accused is of good or bad character but whether the government has proven the charges beyond a reasonable doubt.

[The court took judicial notice of the fact that defendant has previously been convicted of a crime. You may accept these facts as proved, but are not required to do so. You may consider this evidence only in deciding whether a tax was due and owing as required in Element 1 of Count 1, whether the defendant knew he had a duty to pay the tax as required in Element 2 of Counts 1-4, and/or whether the defendant acted willfully as required in Element 4 of Counts 1-4. You may not consider it for any other purpose.]

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial.  You may not use it as evidence of the truth of the matters contained in that prior statement.  If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

[A statement made by the defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the defendant's testimony in this trial.]

_____has admitted lying under oath.  You may give his testimony such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard [a witness/witnesses], namely _____, who gave opinions and testimony about _____.  You do not have to accept this witness's opinions or testimony.  You should judge this witness's opinions and testimony the same way that you judge the testimony of any other witness.  In deciding how much weight to give these opinions and testimony, you should consider how he reached his [opinions/conclusions], and the factors that I have described for determining the believability of testimony.

[You also have heard the testimony of an agent who testified to both facts and opinions. Each of these types of testimony should be given its proper weight. As to the agent's testimony on facts, consider the factors set forth in other instructions regarding how to weigh the credibility of witnesses. As to the agent's testimony on opinions, you are not required to accept these opinions. Give this testimony whatever weight you think it deserves, considering the reasons given for the opinions, the witness' qualifications and all of the other evidence in the case.]

[Certain [summaries/charts] were admitted into evidence. You may use these [summaries/charts] as evidence [even though the underlying documents were not presented].

The accuracy of the [summaries/charts] has been challenged. [The underlying [documents/evidence] also have been admitted so that you may determine whether the summaries are accurate].

[It is up to you to decide how much weight to give to the summaries.]

Certain [summaries/charts] were shown to you to help explain other evidence that was admitted, specifically _____. These [summaries/charts] are not themselves evidence or proof of any facts, [*so you will not have these particular summaries/charts during your deliberations*]. If they do not correctly reflect the facts shown by the evidence, then you should disregard those [summaries/charts] and determine the facts from the underlying evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that she was outside in the rain. Indirect evidence that it was raining outside is testimony by a witness that she saw someone enter the room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

**THE INDICTMENT**

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and it does not create any inference of guilt.

The defendant is charged in the indictment as follows:

INTRODUCTORY ALLEGATIONS

1. At times material to this indictment:

a. The defendant, Frederick G. Kriemelmeyer (the defendant), was a resident of Spring Grove, Minnesota, and operated a dental practice in La Crosse, Wisconsin, located in the Western District of Wisconsin.

b. The Internal Revenue Service (IRS) was and is an agency of the United States, within the Department of the Treasury, responsible for enforcing and administering the tax laws of the United States.

c. On or about November 19, 2007, the defendant was ordered by the United States District Court for the Western District of Wisconsin to pay $135,337 to the IRS for his unpaid individual income tax liabilities for calendar years 2000, 2002, 2003, and 2004.

d. In or about June 2011, the defendant opened a dental practice in La Crosse, Wisconsin, which operated by charging and receiving payment from patients directly for services.

e. In or about August 2011, the IRS issued notice to the defendant of the assessment of additional individual income taxes, penalties, and interest for calendar years 2000 through 2004.

## COUNT 1

1. The Introductory Allegations are incorporated here.

2. From at least in or about June 2011 and continuing through at least in or about February 2019, in the Western District of Wisconsin, and elsewhere, the defendant, Frederick G. Kriemelmeyer, wilfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 2000 through 2004, by committing the following affirmative acts, among others:

a. Requiring his dental patients to pay for services in a manner to avoid creating paper and tax records, including by, among other methods, cash, checks payment to cash, and checks with the payee line left blank;

b. Encouraging his dental patients to pay him for services with cash by offering a discount to patients who paid with cash

c. Paying his business and personal expenses in a manner to avoid creating paper and tax records, including by, among other methods, using cash, proceeds from cashed checks, money orders, and checks receiving from his dental patients, including to pay wages for an individual working in his dental office and the rents on his office and personal residence; and

d. Running his business in a manner to avoid creating paper and tax records, including by avoiding the creation of paystubs and other paper records of employment.

## COUNT 2

1. The Introductory Allegations are incorporated here.

2. During the calendar year 2013, the defendant, Frederick G. Kriemelmeyer, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2014, as required by law, to any proper officer of the IRS and to pay the income tax to the IRS, the defendant, Frederick G. Kriemelmeyer, from in or about January 2013 through in or about April 15, 2014, in the Western District of Wisconsin and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2013, by committing the following affirmative acts, among others:

a. Requiring his dental patients to pay for services in a manner to avoid creating paper and tax records, including by, among other methods, cash, checks payable to cash, and checks with the payee line left blank;

b. Encouraging his dental patients to pay him for services with cash by offering a discount to patients who paid with cash;

c. Paying his business and personal expenses in a manner to avoid creating paper and tax records, including by, among other methods, using cash, proceeds from cashed checks, money orders, and checks received from his

dental patients, including to pay wages for an individual working in his dental office, and the rents on his office and personal residence; and

    d.  Running his business in a manner to avoid creating paper and tax records, including by avoiding the creation of paystubs and other paper records of employment.

## COUNT 3

1.  The Introductory Allegations are incorporated here.

2.  During the calendar year 2014, the defendant, Frederick G. Kriemelmeyer, receiving taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2015, as required by law, to any proper officer of the IRS and to pay the income tax to the IRS, the defendants, Frederick G. Kriemelmeyer, from in or about January 2014 through in or about April 15, 2015, in the Western District of Wisconsin and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2014, by committing affirmative acts, among others:

    a.  Requiring his dental patients to pay for services in a manner to avoid creating paper and tax records, including by, among other methods, cash, checks payable to cash, and checks with the payee line left blank;

    b.  Encouraging his dental patients to pay him for services with cash by offering a discount to patients who paid with cash;

    c.  Paying his business and personal expenses in a manner to avoid creating paper and tax records, including by, among other methods, using cash, proceeds from cashed checks, money orders, and checks received from his dental patients, including to pay wages for an individual working in his dental office, and the rents on his office and personal residence; and

    d. Running his business in a manner to avoid creating paper and tax records, including by avoiding the creation of paystubs and other paper records of employment.

## COUNT 4

1. The Introductory Allegations are incorporated here.

2. During the calendar year 2015, the defendant, Frederick G. Kriemelmeyer, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the IRS and to pay the income tax to the IRS, the defendant, Frederick G. Kriemelmeyer, from in or about January 2015 through in or about April 15, 2016, in the Western District of Wisconsin and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2015, by committing the following affirmative acts, among others:

    a. Requiring his dental patients to pay for services in a manner to avoid creating paper and tax records, including by, among other methods, cash, checks payable to cash, and checks with the payee line left blank;

    b. Encourage his dental patients to pay him for services with cash by offering a discount to patients who paid with cash;

    c. Paying his business and personal expenses in a manner to avoid creating paper and tax records, including by, among other methods, using cash, proceeds from cashed checks, money orders, and checks receiving from his dental patients, including to pay wages for an individual working in his dental office, and the rents on his office and personal residence; and

    d. Running the business in a manner to avoid creating paper and tax records, including by avoiding the creation of paystubs and other paper records of employment.

A plea of not guilty to the charges against him has been entered on behalf of the defendant.

The defendant is not on trial for any act or any conduct not charged in the indictment.

The defendant is presumed to be innocent of the charges against him. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that an offense happened reasonably close to the date charged, but it is not required to prove that the alleged offense happened on this exact date.

### ELEMENTS OF COUNT 1:
### ATTEMPT TO EVADE OR DEFEAT PAYMENT OF INCOME TAX

To sustain any of the charges against the defendant in Counts 1 through 4, the government must prove these elements:

(1) The defendant owed income tax for the calendar years 2000-2004;

(2) The defendant knew that he had a legal duty to pay the tax;

(3) The defendant performed some affirmative act to evade payment of the tax;

(4) In doing so, the defendant acted willfully, that is, with the intent to violate his known legal duty to pay the tax.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of that count.

## ELEMENTS OF COUNTS 2, 3 AND 4:
## ATTEMPT TO EVADE OR DEFEAT INCOME TAX

To sustain any of the charges against the defendant in Counts 2, 3 or 4, the government must prove these elements:

(1) At the time charged in Paragraph 2 of the count that you are considering, tax was due and owing by the defendant;

(2) The defendant knew that he had a legal duty to pay the tax;

(3) The defendant performed some affirmative act to evade the tax;

(4) In doing so, the defendant acted willfully, that is, with the intent to violate his known legal duty to pay the tax.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find the defendant guilty of that count.

On the other hand, if you find from your consideration of all the evidence that the government has not proved all of these elements beyond a reasonable doubt as to the

count that you are considering, then you must find the defendant not guilty of that count.

As used in these instructions, the defendant "knew" something if he realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake or accident. Knowledge may be proved by a defendant's conduct and by all the facts and circumstances surrounding the case.

For the purposes of Element (1) of Counts 2 through 4, if the defendant owed tax for the year charged in the count that you are considering, then the tax was due and owing as of April 15 of the following year.

For the purposes of Counts 1 through 4, if the defendant has incurred a tax liability, then it exists from the date the return is due.  The government need not prove that there was an administrative assessment of tax, or that the defendant received a tax assessment.

For Counts 1 through 4, the government need not prove the precise amount of the additional tax owed, or that the defendant attempted to evade or defeat payment of all the taxes for the time period.  The government need only prove that the defendant owed some tax from the time period in the count that you are considering and that he attempted to willfully evade or defeat all or part of it.

For the purposes of Element (3) of Counts 1 through 4, any conduct that is likely to have a misleading or concealing effect can constitute an affirmative act.  A lawful act

can serve as an affirmative act if it is done with the intent to evade income tax. However, the mere failure to file a tax return is not an affirmative act.

For the purposes of Element (4) of Counts 1 through 4, a person does not act **willfully** if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that what he did was in accord with the tax laws, then he did not willfully attempt to evade taxes. However, a disagreement with the tax laws or a personal belief that the tax laws are invalid or unenforceable, no matter how earnestly believed, will not negate willfulness. It is the duty of all citizens to obey the law whether they agree with it or not.

[Sole or exclusive intent to evade taxes is not required for the defendant to be convicted of tax evasion. If tax evasion is among the motives for affirmative willful conduct, then you may find that the defendant acted willfully in committing the crime charged, even though the conduct may also serve other purposes.]

In each of Counts 1 through 4, the government has alleged four different types of affirmative acts of evasion. The government does not need to prove that defendant performed all of these affirmative acts, but it must prove that he performed at least one of them to evade income tax.

13

## DELIBERATIONS

Upon retiring to the jury room, select one of your number as your presiding juror. This person will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you. [*Court reads verdict form*.] Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date and sign the form.

Each count of the indictment charges the defendant with having committed a separate offense. You must consider each count and the evidence relating to it separate and apart from the other count. You should return a separate verdict as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

Although you have seen that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

The verdict must represent the considered judgment of each juror. Whether your verdict is guilty or not guilty, it must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But do not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement consistent with the individual judgment of each juror. You are impartial judges of the facts. Your only interest is to determine whether the government has proved its case beyond a reasonable doubt.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court. You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. You must not reveal to any person, including the court, your numerical split on any verdict question until you have reached a unanimous verdict on every count.