IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                             Plaintiff,                          JURY INSTRUCTIONS

   v.

                                                                     19-cr-90-wmc

FREDERICK G. KRIEMELMEYER,

                             Defendant.
_____

## I. INTRODUCTORY INSTRUCTIONS

Members of the jury, we are about to begin the trial of this case. I will begin by describing to you your duties as jurors and giving you instructions concerning this case.

### FUNCTIONS OF THE COURT AND THE JURY

One of my duties as the judge in this case is to decide all questions of law and procedure. In these preliminary instructions, during trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions that I am giving you now.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proven the defendant's guilt beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You should not take anything that I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

## THE CHARGES

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

Essentially, the indictment in this case charges the defendant with unlawfully attempting to evade income taxes from 2011 to 2019.

The indictment is simply the formal way of telling the defendant what crimes he is accused of having committed. The indictment is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

## PRESUMPTION OF INNOCENCE

The defendant is presumed innocent of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

## BURDEN OF PROOF

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout this trial.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

## HOW THE TRIAL WILL PROCEED

We are now ready to begin the trial. The trial will proceed in this manner:

First, an attorney for each side will make an opening statement. An opening statement is not evidence. Rather, it is a preview and an explanation from an attorney as to what that attorney expects the evidence will show.

After opening statements, you will hear the evidence.

After the evidence has been presented, I will instruct you on the law that applies to this case, then the attorneys will make closing arguments. Closing arguments are not evidence. Rather, they are an opportunity for each side to explain to you what they think the evidence has shown and to persuade you how to apply the law to this evidence.

After that, you will go to the jury room to deliberate on your verdict.

The trial day usually will run from 8:30 a.m. until 5:30 p.m. You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

## THE EVIDENCE

You may consider only the evidence that you see and hear in court. You may not consider anything that you may or see or hear outside of court, including anything from a newspaper, television, radio, the internet, or from any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, [facts for which the court takes judicial notice,] and any facts to which the parties stipulate. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. Any statements and any arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, then the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks that a question or evidence is improper. When an objection is made, then I will be required to rule on the objection. If I sustain an objection to a question that a lawyer asks, then you must not speculate as to what the answer might have been. If I strike testimony or an exhibit from the record, or if I tell you to disregard something, then you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

## CONSIDERING THE EVIDENCE

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own every day experience. You are allowed to draw reasonable inferences from facts. In other words, you may look at one fact and conclude from it that another fact exists. Any inferences you make must be reasonable and must be based on the evidence in the case.

## CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness is, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider are: the witness's age, intelligence, and memory; the witness's ability and opportunity to see, hear or know the things that the witness testified about; the witness's demeanor while testifying; whether the witness had any bias, prejudice or other reason to lie or to slant his or her testimony; inconsistent statements or conduct by the witness; and the believability of the witness's testimony in light of the other evidence presented. You may also consider any other factors that shed light on the believability of each witness's testimony.

## NUMBER OF WITNESSES

Do not make any decisions by simply counting the number of witnesses who testified about a certain matter.  What is important is how believable you think each witness was and how much weight you think each witness's testimony deserves.

## ATTORNEYS MAY INTERVIEW WITNESSES

It is proper for an attorney to interview any witness in preparation for trial.

## THE DEFENDANT HAS A RIGHT NOT TO TESTIFY

The defendant has an absolute right not to testify or to present evidence.   You must not consider in any way the fact that the defendant may choose not to testify. You should not even discuss it in your deliberations.

## JUROR NOTE TAKING

You will be permitted to take notes during the trial if you wish.  Take notes only if you want to and if you think that they will help you remember the evidence when you are deliberating.  Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses.  If you take notes, you may use them during deliberations to help you remember what happened during the trial.  You should use your notes only as an aid to your memory.  The notes are not evidence.  All of you should rely on your own independent recollection of the evidence.  You should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impressions of each juror.

## NO COMMUNICATION DURING THE TRIAL

During recesses you should keep in mind the following instructions:

<u>First</u>, do not discuss the case either among yourselves or with anyone else during the course of the trial.  The parties have a right to expect that you will keep an open mind throughout the trial.  You should not reach any conclusions about this case until you have heard all of the evidence, you have heard the lawyers' closing arguments, you have received my instructions on the law, and you have retired to deliberate with the other members of the jury about your verdict.

I must warn you, in particular, against commenting about the trial on or through any electronic or social media. There have been news accounts recently about cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial.  You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have gone for nothing and the stress experienced by the defendant.

<u>Second</u>, do not permit any third person to discuss the case in your presence.  If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able.  <u>Do not</u> discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

<u>Third</u>, although it is a normal human tendency to talk with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or the witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  This is the only way the parties can be sure of the absolute fairness and impartiality they are entitled to expect from you as jurors.

<u>Fourth</u>, do not read about the case on the internet, in newspapers, or listen to radio or television broadcasts about the trial.  If a headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters

that are not proper for your consideration.  You must base your verdict solely on the evidence produced in court.

<u>Fifth</u>, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation.  As jurors, you must decide this case based solely on the evidence presented here within the walls of this courtroom.  In other words, you should not consult dictionaries or reference materials, read newspapers, listen to the radio or television about anything or anyone related to this case.  And, again, I would especially admonish you regarding the use of the internet (especially search engines, websites, blogs, or any other electronic tools) to obtain information about this case or to help you decide the case.  In fact, do not try to find out information from any source outside the confines of this courtroom; if an internet or newspaper headline catches your eye, or a television news lead catches your ear, do not examine the article or listen further.  For anyone familiar with the facts of a story, you know that media accounts tend to be incomplete at best and inaccurate at worst.  I can assure you that internet accounts are even worse.  News accounts or internet blogs may also contain matters that are not proper for your consideration as a matter of law.  However imperfect they may be, the rules of evidence have been developed over hundreds of years for a reason:  they are the best means we've come up with to provide parties a fair hearing.  For this reason, you are required to base your verdict solely on the evidence produced in court.